# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RANDALL BLUE,

                Plaintiff,

v.

CHERYL EPLETT, EMIL TONEY, JEFFREY T. LAWRENCE, JEFFREY FREUND, J. HARRIS-FORBES, and CINDY OSTROWSKI,

                Defendants.

Case No. 21-CV-946-JPS

**ORDER**

      Plaintiff Randall Blue, an inmate confined at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### 1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On August 23, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $48.82. ECF No. 7. Plaintiff paid that fee on September 15, 2021. The Court will grant Plaintiff's motion for leave to proceed

without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. SCREENING THE COMPLAINT

2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff's allegations involve Defendant Cindy Ostrowski's ("Ostrowski") actions and the failure of the other named defendants to protect him.[1] On May 5, 2021, Plaintiff filed an inmate complaint against Ostrowski for harassment and threatening behavior. ECF No. 1 at 4. On May 6, 2021, Ostrowski took Plaintiff's radio to make him angry. *Id.* at 8. A captain made Ostrowski return the radio, but Ostrowski threatened Plaintiff as a result and said she was going to "get" him. *Id.* Later that day, Ostrowski took Plaintiff's unit job to retaliate against him. *Id.*

In June 2021, Ostrowski passed out new mattresses to inmates. *Id.* A correctional officer working with Ostrowski told her that Plaintiff needed a new mattress because his was torn. *Id.* at 8–9. Ostrowski replied that he had "nothing coming." *Id.* at 9. Thirty minutes later, Ostrowski called Plaintiff to her desk and said, "You can go out back by the garbage and get one of those that just got thrown out." *Id.* Plaintiff questioned why he would be given a mattress from the garbage. *Id.* As of the date of the complaint, Plaintiff alleges that he still had not received a new mattress. *Id.* at 9.

Plaintiff alleges that he had several long conversations with Defendant Jeffrey T. Lawrence ("Lawrence") regarding Ostrowski's

---

[1]Plaintiff's factual allegations are disorganized and somewhat confusing; the Court uses its best effort to succinctly summarize the allegations.

behavior. On June 12, 2021, Plaintiff filed an inmate complaint against Ostrowski for creating a hostile environment. *Id.* at 5. As a result of this inmate complaint, Plaintiff alleges that Ostrowski retaliated against him for the filing of the complaint. *Id.* On July 26, 2021, Lawrence and Ostrowski moved Plaintiff to a cell right in front of Ostrowski's desk. *Id.* at 6.

On June 22, 2021, Plaintiff contacted Defendant J. Harris-Forbes ("Harris-Forbes") in "PSU" because of Ostrowski's behavior. *Id.* at 7. Plaintiff feared Ostrowski and felt depressed and like he may have a nervous breakdown when around Ostrowski. *Id.* Harris-Forbes told Plaintiff to talk with Lawrence, the unit manager. *Id.* On June 28, 2021, Plaintiff wrote to Wisconsin State Senator, Lena Taylor, regarding Ostrowski's actions. *Id.* at 10. Plaintiff alleges that he fears Ostrowski's retaliation for filing the complaint in this action and that he does not feel safe. *Id.* at 11.

### 2.3 Analysis

First, the Court finds that Plaintiff may proceed on an Eighth Amendment claim against Ostrowski for subjecting him to unconstitutional conditions of confinement. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

Here, at the early pleading stage, Plaintiff has sufficiently stated an Eighth Amendment conditions of confinement claim against Ostrowski as it relates to his mattress. Plaintiff alleges that his mattress was so torn that he required a new one, and Ostrowski offered him only a mattress out of the garbage to replace it. Plaintiff further alleges that he was subjected to this torn mattress for a period of months. It is unclear how badly the mattress was torn, and it is therefore a close call whether this conduct could accurately be described as depriving Plaintiff of basic life necessities. However, at the pleading stage, the Court finds these allegations sufficient to proceed on an Eighth Amendment conditions of confinement claim against Ostrowski.

Second, the Court finds that Plaintiff can proceed against Ostrowski on a First Amendment retaliation claim. To prevail on this claim, Plaintiff must ultimately show that: "(1) his threat is protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment speech; and (3) his threat was at 'least a motivating factor'" in the defendants' decision to take retaliatory action. *Reed v. Bowen*, 769 F.

App'x 365, 370 (7th Cir. 2019) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Here, Plaintiff alleges that Ostrowski retaliated against him in various manners for filing inmate grievances. At the pleading stage, the Court finds these allegations sufficient to state a First Amendment retaliation claim against Ostrowski.

Finally, the Court will dismiss Defendants Cheryl Eplett, Emil Toney, Jeffrey T. Lawrence, Jeffrey Freund, and J. Harris-Forbes from this action for the failure to state a claim against them upon which relief may be granted. Plaintiff's allegations regarding these defendants all revolve around Plaintiff submitting grievances to them regarding Ostrowski's conduct. There is no supervisory liability under § 1983, *see Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009), and Plaintiff has alleged no other facts against these defendants that form the basis of a cognizable claim.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment conditions of confinement claim against Ostrowski; and

**Claim Two:** First Amendment retaliation claim against Ostrowski.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, she is to file a summary judgment motion that raises

all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Cheryl Eplett, Emil Toney, Jeffrey T. Lawrence, Jeffrey Freund, and J. Harris-Forbes be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant Cindy Ostrowski;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that Defendant raises any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why she intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile

or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $301.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.