UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDALL BLUE,

           Plaintiff,

v.

CINDY OSTROWSKI,

           Defendant.

Case No. 21-CV-946-JPS

**ORDER**

      Plaintiff, Randall Blue, who is currently incarcerated at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Cindy Ostrowski violated his constitutional rights. ECF No. 1. On June 21, 2022, the Court screened the complaint and allowed Plaintiff to proceed on two claims against Defendant Ostrowski: (1) Eighth Amendment conditions and confinement; and (2) First Amendment retaliation. ECF No. 9 at 6.

      On August 5, 2022, Defendant Ostrowski filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies against her. ECF No. 14. On December 28, 2022, Plaintiff filed a motion for leave to amend the complaint. ECF No. 31. On February 2, 2023, the Court allowed Plaintiff an opportunity to file amended amended complaint. ECF No. 33. The Court now screens Plaintiff's amended complaint. *See* ECF No. 34.

1.     **FEDERAL SCREENING STANDARD**

      Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendant Cindy Ostrowski ("Ostrowski") violated Plaintiff's rights by failing to protect him from another inmate. ECF No. 34 at 2. Ostrowski put Plaintiff in a dangerous situation when she gave Plaintiff a direct order to unplug the unit fans in the middle of summer. *Id.* Ostrowski also violated Plaintiff's rights when she began to harass him and used intimidating tactics against him. *Id.*

Prior to May 5, 2021, Plaintiff had no write-ups on his unit face card. *Id.* Since that time, Ostrowski has given Plaintiff at least ten write-ups. *Id.* Ostrowski has targeted Plaintiff and has caused him to have issues with high blood pressure. *Id.* Plaintiff is on four different blood pressure pills, and he has contacted the psychological service unit about Ostrowski's actions towards him. *Id.* at 3.

After Plaintiff filed this complaint in 2021, CPS Lawrence moved Plaintiff off the unit away from Ostrowski. *Id.* However, shortly thereafter, Ostrowski became a regular C.O. on his unit, and this caused Plaintiff great depression, anxiety, and fear of retaliation from Ostrowski and her co-workers. *Id.* Plaintiff has asked to be moved with no results. *Id.* Plaintiff isolates in his cell to try to prevent contact with Ostrowski but she comes to his cell to harass him anyway. *Id.* Plaintiff experiences headaches from worrying about Ostrowski setting Plaintiff up to be harmed. *Id.* Plaintiff has contacted the Warden about this issue, but he only makes excuses for Ostrowski's behavior. *Id.* Ostrowski and a nurse conspired to have Plaintiff's medical devices taken from him without the doctor's consent. *Id.* Plaintiff states that he cannot keep living in this torturous atmosphere. *Id.* at 5. As Plaintiff was writing his amended complaint, the unit manager, Buelen, who oversees Ostrowski, wrote Plaintiff a conduct report. *Id.* The

harassment against Plaintiff is real and frustrating and Buelen allows Ostrowski to keep harassing Plaintiff. *Id.*

3. **ANALYSIS**

The Court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted. To be sure, Plaintiff's allegations are concerning and depict an atmosphere that is undoubtedly frustrating for Plaintiff. However, a § 1983 plaintiff must "ground his legal conclusions in a sufficiently plausible factual basis" that places each defendant "on notice of what exactly [he or she] might have done to violate his rights under the Constitution." *Brooks v. Ross*, 574 F.3d 574, 582 (7th Cir. 2009). Plaintiff's allegations in the amended complaint do not contain sufficient detail for the Court to state a claim upon which relief may be granted.

Plaintiff's allegations sound like he may be attempting to bring a First Amendment claim against Ostrowski. To prevail on this claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Plaintiff's generalized fear of retaliation and harassment from Ostrowski is insufficient to state a retaliation claim. The amended complaint does not include facts to show that he engaged in a protected activity. Similarly, Plaintiff appears to suggest that Buelen may have retaliated against him with a conduct report for writing the amended complaint, however, Plaintiff does not name Buelen as a defendant and, regardless, does not provide any information regarding why he received the conduct report. As such, the Court finds that Plaintiff may not proceed on a First Amendment retaliation claim.

Page 4 of 8
Case 2:21-cv-00946-JPS    Filed 08/15/23    Page 4 of 8    Document 38

Similarly, Plaintiff may be attempting to bring an Eighth Amendment claim against Ostrowski for the failure to protect him. The Eighth Amendment to the U.S. Constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "This means that a constitutional violation inheres in a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." *Id.* (citing *Farmer*, 511 U.S. at 828). Deliberate indifference has an objective component and a subjective component. *Id.* To satisfy the objective component, the prisoner must have been exposed to a harm that was objectively serious. *Id.* (citing *Farmer*, 511 U.S. at 834). Under the subjective component, the prison official must have known of and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Farmer*, 511 U.S. at 837–38). That is, the official must have been "aware of facts from which the inference could be draft that a substantial risk of serious harm exists," and he must have "draw[n] th[at] inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). But liability does not attach if the prison official takes reasonable measures to abate the known risk. *Id.* (citing *Farmer*, 511 U.S. at 844). Here, Plaintiff's allegations against Ostrowski are insufficient to state a failure to protect claim. Plaintiff's allegations regarding this topic are vague and he does not indicate that he suffered any injury as a result of Ostrowski's failure to protect. As such, Plaintiff may not proceed on an Eighth Amendment failure to protect claim.

Finally, Plaintiff fails to state a claim in regard to Ostrowski's verbal harassment. Except in exceptional circumstances, verbal abuse or harassment from prison officials does not constitute cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt*

*v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by *Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). But when the comments are repeated and of a certain nature, they may increase the plaintiff's risk of physical or psychological harm from fellow inmates. *See Beal,* 803 F.3d at 358–59. For example, statements by correctional officers made in front of other incarcerated persons about a plaintiff's sexual orientation could increase that plaintiff's risk of sexual assault or harassment. *Id.* In that scenario, ongoing verbal harassment may support an Eighth Amendment claim. *Id.* Here, Plaintiff's allegations regarding harassment are too vague to state a claim, and no facts suggest that Ostrowski's harassing level rose to the high level necessary to bring an Eighth Amendment verbal harassment claim.

As such, the Court finds that the amended complaint fails to state a claim. The Court is certainly aware there is more to Plaintiff's story because Plaintiff previously included more detailed factual allegations in earlier complaints. However, the Court cannot consider previous factual allegations because an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). Plaintiff previously indicated that he wished to add CPS Lawrence back as a defendant because he has an affirmed inmate complaint, OSCI-2021-9164, that should be part of this case. ECF No. 31 at 1–2; however, Plaintiff's amended complaint does not name Lawrence as a defendant and the only

Page 6 of 8
Case 2:21-cv-00946-JPS   Filed 08/15/23   Page 6 of 8   Document 38

factual allegation regarding Lawrence is that he moved Plaintiff *away* from Ostrowski and her harassing behavior.

In light of these deficiencies and Plaintiff's difficulties placing all factual allegations in a single complaint, the Court will allow Plaintiff **one and only one more** opportunity to amend his complaint. Plaintiff may file a second amended complaint on or before **September 5, 2023.** If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his amended complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

When writing his second amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all the defendants in the caption of his second amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. **The Court emphasizes that the second amended complaint takes the place of the prior complaints and must be complete, without reference to his prior complaints.**

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint, ECF No. 34, fails to state a claim; and

**IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint that complies with the instructions in this Order on or before **September 5, 2023**. If Plaintiff files a second amended complaint by the deadline, the Court will screen that complaint under 28 U.S.C. § 1915A. If Plaintiff does not file a second amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his amended complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

Dated at Milwaukee, Wisconsin, this 15th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge