# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RANDALL BLUE,

        Plaintiff,

v.

        Case No. 21-CV-946-JPS

CINDY OSTROWSKI,

        **ORDER**

        Defendant.

Plaintiff, Randall Blue, who is currently incarcerated at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Cindy Ostrowski ("Ostrowski") violated his constitutional rights. ECF No. 1. On June 21, 2022, the Court screened the complaint and allowed Plaintiff to proceed on two claims against Defendant Ostrowski: (1) Eighth Amendment conditions of confinement; and (2) First Amendment retaliation. ECF No. 9 at 6.

On August 5, 2022, Defendant Ostrowski filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies against her. ECF No. 14. On December 28, 2022, Plaintiff filed a motion for leave to amend the complaint. ECF No. 31. On February 2, 2023, the Court allowed Plaintiff an opportunity to file an amended complaint. ECF No. 33. The Court screened the amended complaint on August 15, 2023, and allowed Plaintiff an additional opportunity to file an amended complaint. ECF No. 38. Following an extension of time, Plaintiff filed a second amended complaint on October 3, 2023. This order screens Plaintiff's second amended complaint, ECF No. 41.

## 1. FEDERAL SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted

by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendant Ostrowski violated Plaintiff's rights by creating a hostile work environment, by harassing and threatening him, and by doing medical observations on three separate occasions that caused his medical devices to be removed. ECF No. 41 at 1-2. Plaintiff references Inmate Complaint No. 2021-9164 that was affirmed. *Id.* Ostrowski was allowed to continue harassing Plaintiff and used intimidating tactics to make Plaintiff's incarcerated existence difficult. *Id.* at 2. Ostrowski's actions towards Plaintiff were so bad that he had to be seen by psychological service staff on several occasions. *Id.* Ostrowksi took it upon herself to do a medical observation without the consent of Plaintiff's doctor and caused his medical devices to be removed. *Id.* Plaintiff references prison policy that requires all prison officials to uniformly treat inmates with kindness and that there shall be no corporal or other painful and unusual punishment inflicted upon inmates. *Id.*

Plaintiff alleges that Ostrowski violated the HIPAA law by interfering with Plaintiff's medical record/treatment. *Id.* at 3. Plaintiff also claims that Ostrowski violated his rights when she violated Wisconsin Department of Corrections Executive Directive No. 43. *Id.*

## 3.   ANALYSIS

The Court finds that Plaintiff's second amended complaint fails to state a claim upon which relief may be granted. As the Court previously identified, Plaintiff's allegations are concerning and depict an atmosphere that is undoubtedly frustrating for Plaintiff. However, a § 1983 plaintiff must "ground his legal conclusions in a sufficiently plausible factual

basis" that places each defendant "on notice of what exactly [he or she] might have done to violate his rights under the Constitution." *Brooks v. Ross*, 574 F.3d 574, 582 (7th Cir. 2009). Plaintiff's allegations in the second amended complaint do not contain sufficient detail for the Court to state a claim upon which relief may be granted.

Plaintiff's allegations sound like he may be attempting to bring a First Amendment claim against Ostrowski. To prevail on this claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Plaintiff generally alleges that Ostrowski created a hostile work environment and threatened and harassed him. Plaintiff references filing complaints against Ostrowski; however, he does not include any facts to suggest that any of her actions were motivated by Plaintiff filing any complaints. As such, the Court finds that Plaintiff may not proceed on a First Amendment retaliation claim.

Similarly, Plaintiff fails to state a claim for the vague allegations made regarding Ostrowski's medical observation and having his medical devices removed from his possession. As to any HIPAA violation, HIPAA provides both civil and criminal penalties for improper disclosures of protected health information, but limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d–5(a)(l), 1320d– 6. There is no express language conferring a private right or remedy for disclosure of confidential medical information. The Seventh Circuit Court of Appeals conclusively held in *Stewart v. Parkview Hospital*, 940 F.3d 1013, 1015 (7th Cir. 2019), that HIPAA confers no private right of action. As to

Ostrowksi causing Plaintiff to lose his medical devices, this allegation is far too vague for Plaintiff to sufficiently state a claim. Plaintiff does not include any facts as to what his medical devices were or why they were removed from his possession after Ostrowski's observation. As such, the Court does not find that Plaintiff states a claim for these allegations.

Finally, Plaintiff fails to state a claim regarding Ostrowski's verbal harassment. Except in exceptional circumstances, verbal abuse or harassment from prison officials does not constitute cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by *Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). But when the comments are repeated and of a certain nature, they may increase the plaintiff's risk of physical or psychological harm from fellow inmates. *See Beal*, 803 F.3d at 358–59. For example, statements by correctional officers made in front of other incarcerated persons about a plaintiff's sexual orientation could increase that plaintiff's risk of sexual assault or harassment. *Id.* In that scenario, ongoing verbal harassment may support an Eighth Amendment claim. *Id.* Here, Plaintiff's allegations regarding harassment are too vague to state a claim, and no facts suggest that Ostrowski's harassing level rose to the high level necessary to bring an Eighth Amendment verbal harassment claim.

4. CONCLUSION

In sum, the Court finds that the second amended complaint fails to state a claim upon which relief may be granted. The Court has allowed Plaintiff multiple opportunities to amend his complaint and has provided guidance as to how Plaintiff may successfully do so. As such, the Court

finds that further amendment would be futile, and the Court will accordingly dismiss this action for Plaintiff's failure to state a claim.

Accordingly,

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the second amended complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.